POMROY *vs.* BUNTING.

[MOTION TO SET ASIDE AND QUASH PROCEEDINGS SETTING APART HOMESTEAD
TO HEAD OF FAMILY.]

1. *Homestead; setting apart, by freeholders under* § 2881, *R. C.*—In a proceeding by freeholders appointed by the sheriff, under § 2881, Revised Code, to appraise and set apart the homestead exempt from execution, if the freeholders so appointed occupy the relation of officers to the court, (of which quere ?) and the court can correct irregularities in their conduct, the action of the freeholders should never be disturbed unless in case of fraud or corruption, or irregularities seriously affecting the rights of one, or both of the parties.

2. *Same.*—In setting apart the homestead of the value of five hundred dollars, the statute does not require that mathematical accuracy should be observed.

APPEAL from the City Court of Montgomery.
Tried before Hon. T. M. ARRINGTON.

THIS was a motion by the appellant in the court below, for an order to quash and annul the proceedings of the sheriff of Montgomery county, in setting aside a homestead to the defendant, (the appellee,) in certain lands levied on under an execution issued in the case of *Chancey Pomroy v. David J. Bunting*, and for an order to sell the land claimed by defendant, as his homestead. As the bill of exceptions states, the plaintiff averred in support of his said motion, that on the fourth day of March, 1862, he recovered a judgment in the county court of Montgomery, against said defendant, for $——, besides costs, and that said judgment was still unsatisfied; that execution issued on said judgment by the clerk of this court as required by law, was levied on certain lands of the defendant, in which the said defendant claimed a homestead, exempt from levy and sale, and that on the application of said defendant, A. H. Johnson, sheriff of Montgomery county, where said lands were situated, summoned three freeholders of said county to designate and set apart the homestead of de-

Pomroy v. Bunting.

fendant, in said land, who did set apart and assign to him as a homestead, a tract of land, described as follows : * * *, and that defendant is in possession of said land, claiming and holding the same as his homestead, exempt from levy and sale, under the designation and appraisement of said freeholders; that said sheriff made no endorsement of his action in this matter, on the said execution, nor of the action of said freeholders, and returned said execution endorsed "no property found"; that said land so claimed and held by said defendant, as his homestead, exempt from levy and sale, was not claimed and set apart as a homestead, in the manner required by law; that said lands were of more than five hundred dollars in value at the time they were set apart to the defendant, as his homestead aforesaid, and which value was known to said freeholders at the time said lands were so assigned and set apart to him as aforesaid. It was further averred, "the plaintiff had requested the said sheriff to levy upon and sell said land so claimed by the defendant, as aforesaid, and that said sheriff had refused to make said levy and sale." The said Bunting objected to the motion of the plaintiff, and moved the court to dismiss the same without further or other answer from him, because the court had no jurisdiction or rightful authority to consider the said motion of plaintiff, and because the said motion did not aver any fraud, in the freeholders, in setting apart said homestead to defendant. The court granted the motion of defendant, and dismissed the said motion of plaintiff, as well against the defendant Bunting, as against the sheriff, and to this action of the court the plaintiff excepted. He appealed to this court and assigned as error, the above ruling of the city court.

WATTS & TROY, for appellant.—1. The court has a right to direct and correct the action of its own officers.—See *Mobile Cotton Press v. Moore & McGee*, 9 Porter, 679.

2. The motion, with notice to the defendant in the execution, was the only mode by which the plaintiff could get complete justice. Suppose he had been able to induce the sheriff to sell the land, notwithstanding the alleged illegal

setting apart the homestead, it would have brought little or nothing in the market, encumbered and clouded as it was with this exemption.

3. The court *had jurisdiction on the facts stated, to have the action of the commissioners set aside.* How else could the plaintiff get what is surely his rights on the facts stated. The sheriff is required by the statute (see § 2463, old Code) to summon three freeholders to make the valuation of the homestead claimed. It is averred that the land set apart as homestead was worth more than $500 ; and that the freeholders knew at the time they set apart the same that the land so set apart was worth more than that sum. These allegations are equivalent in law to a charge that the valuation was fraudulently made.

If the court, as in the Mobile Cotton Press case before cited, had the power to set aside a sale of land, irregularly made, or sold for a grossly inadequate price, why cannot the court set aside the exemption set apart in this case? The effect of the motion was to correct the return of the sheriff of "no property" returned on the execution. He had once levied on this land; struck out this levy and made the return before named, after the irregular and wrong action of the freeholders.

The court had the right to compel the sheriff to correct his return.—See the case before cited, and the authorities therein cited, as to the powers of courts over their own officers.—See, also, *Henderson v. Sublett et al.*, 21 Ala. 626 ; *Lankford v. Jackson*, 21 Ala. 650; *Daniel v. Modawell*, 22 Ala. 368.

4. There was no other legal mode of correcting the wrong done, except by a direct proceeding or motion before the court out of which the execution issued.—See *Hubbert v. McCollum*, 6 Ala. 224.

STONE, CLOPTON & CLANTON, *contra.*—In dismissing plaintiff's motion, and holding that it had no jurisdiction thereof, did the circuit court err ?

1. It will not be contended that, in setting off the homestead by metes and bounds, the commissioners acted in a judicial or *quasi* judicial character. The statute gives no

sanction to such a construction.—Code, § 2881, (2463). Hence, neither the common law writ of *certiorari*, nor any similar process, would lie, to bring the subject before the circuit court.—1 Tidd's Practice, 397 ; and this proceeding cannot be maintained by any analogy to that writ.

2. Nor can the motion be maintained, on the principle which gives to all courts control of their ministerial officers. The commissioners can, in no sense, be regarded as the ministerial officers of the court.—*Mobile Cotton Press v. McGee*, 9 Por. 679 ; 1 Tidd. Pr. 58.

3. Nor is this a proceeding from which an appeal will lie ; for the statute makes no provision for appeal, or for any other revision.—See Code, §§ 2880 (2462,) subd. 4—2881, (2463); *White v. Shannon*, 3 Ala. 286.

4. The statute, (§ 2880—subdivision 4,) first secures a homestead to the head of the family, and secures to him the right to select it. This is a clear and valuable right— and one much favored in the law. This homestead is se- cured from levy and sale, for the use of the family ; a high police regulation. The statute then provides the means by which such homestead is to be laid off.—§ 2881, (2463.) No report of their proceedings is required to be made to the court. The commissioners are made the sole judges of value and locality, and they are presumed to be impartial ; for they are appointed by the sheriff, and are sworn. They are simply appraisers, and come more nearly to the char- acter of arbitrators, than any other. If the legislature had intended that such proceedings should be revisable, they would have made provision for it. Have they done it ? This motion contemplates the introduction of proof. In what form is the trial to be conducted ? Before the court, or before a jury ? What judgment is to be rendered, if the court is satisfied the commissioners have transcended the limit of five hundred dollars in value ? Is the court to ren- der the proper judgment—or, must the court send the case to other commissioners, and by what authority ? And if the court should find, on proof, that the commissioners had allotted too much land, would not this overturn the very letter and spirit of the statute, which confides this ques- tion to the commissioners ? Suppose other persons should

differ with the commissioners on the question of value, how is the court to determine which is right? And does the law furnish any guide to get around these difficulties? These questions—and many more might be pertinently put —prove, that no review from such proceedings was ever contemplated. There are many cases in which the law commits the ascertainment of facts to particular officers or persons, and provides for no appeal.—See *Brittain v. Kinnaird*, 1 Brod. & Bing. 432—S. C. 4 Moore, 50; *Ranger v. Great Western Railway*, 27 Law & Eq., on p. 45, *et seq.*

5. If it be feared that great injury might be done to creditors, by the fraud of perverse commissioners, the remedy is plain and simple. Fraud vitiates all human transactions; and either chancery would remove the cloud, or the property might be sold by the sheriff; and the purchaser's title would prevail over such fraudulent allotment.

A. J. WALKER, C. J.—The proceeding in this case is predicated upon the legal position, that the freeholders appointed by the sheriff under § 2881 of Revised Code, to appraise and set apart the homestead exempt from execution, occupy the relation of officers to the court, and that the court can correct irregularities in their conduct. If this position be correct, the action of the freeholders should never be disturbed, unless in case of fraud, or corruption, or irregularity, seriously affecting the rights of one or both of the parties.

The gist of the plaintiff's pleading is, that the homestead set aside was of greater value than five hundred dollars, and was at the time of the appraisement known to the freeholders to be of greater value. Now, if the excess of value was very small—so small as to be quite insignificant— the pleading would be sustained, and yet there would neither be fraud nor corruption, nor would there be irregularity, seriously affecting the plaintiff. We must construe the pleading most strongly against the pleader. It is difficult to make an allotment of land so as to secure a fit of mathematical accuracy with the prescribed value, and it will be productive of no good to lay down a rule which would make the action of the appraisers voidable for a

very slight deviation. The omission of every statement of the extent of the excess of value is suggestive of the conclusion, that its specifications would not have improved the pleading.

We attain the conclusion, that the court committed no error in its judgment of dismissal without inquiring whether the pleading excludes the defendant's right to an exemption under § 2884 of the Revised Code.

Affirmed.

JUDGE, J., not sitting.